# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK DEJEU, | ) | CASE NO.  5:09CV1583 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER RE: SEALING |
| ACTIVANT SOLUTIONS, INC. et al., | ) | DOCUMENTS PURSUANT TO |
| | ) | PROTECTIVE |
| DEFENDANTS. | ) | ORDER |
| | ) | |

The parties moved the Court for a protective order that would permit filing documents under seal in this case. *See* Doc. No. 20. The Court is inclined to approve the order, with one exception relating to proposed paragraph 6(c).

Although a trial court is vested with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[,]" Fed. R. Civ. P. 26(c), in making such orders, the court must remain cognizant that public access to court documents is a fundamental feature of the American judicial system. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See*, *e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

In *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F.Supp.2d 743, 745 (E.D. Mich. 2001), the court observed that in order to have confidential information in a court

record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm." *Id.* This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

This Court is a public forum, not a private dispute resolution service. Therefore, any protective order approved by the Court is not blanket authority to designate documents as "protected" or "confidential" and file them under seal. Only relevant portions of relevant documents are subject to sealing under the terms of the approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of a document which is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

Therefore, in most cases, protected or confidential information subject to the protective order should be filed separately under seal and be merely made reference to in the public pleading or document. If, however, the nature of a particular case presents the rare instance where the confidential information must be intertwined within the text of the pleading or document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Further, where documents are legitimately filed under seal, attorneys will be required to use the following procedure. Any and all filings made under seal shall be submitted electronically whenever possible and linked to the relevant authorizing order, pursuant to Local Rule 5.2.  If both redacted and unredacted versions are being submitted for filing, each version

shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If a sealed filing cannot be submitted electronically, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of the relevant authorizing order shall be in the sealed envelope.

Finally, the Court wants to make perfectly clear that, if and when this case comes to trial, the courtroom will not be sealed. Any and all documents and information which may have been subject to the protective order during discovery will no longer enjoy a protected or confidential designation. The trial will be public in all respects.[1]

If the parties are still desirous of seeking a protective order from the Court, then paragraph 6(c) of the proposed protective order shall be modified to conform with the standard set forth herein and then resubmitted to the Court for further consideration.

**IT IS SO ORDERED**.


Dated: February 17, 2010

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[1] The Court recognizes that paragraph 9 in the proposed protective order does acknowledge that matters conducted in open court are public and no longer subject to any protection.